
FILED
SUPERIOR COURT
OF GUAM

2026 APR 22 AM 10: 03

CLERK OF COURT

By:

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| MARIANA STONES CORPORATION, LTD., | CIVIL CASE NO. CV1307-19 |
| Plaintiff, | **DECISION AND ORDER** |
| v. | |
| FADIAN DEVELOPMENT, INC. and DOES 1-10, | |
| Defendant. | |

## INTRODUCTION

Judicial recusal safeguards public confidence in the courts, but it does not automatically undo rulings issued before any disqualification concern is raised. This case presents that precise question. After years of litigation, discovery, and dispositive motion practice, the original judge presiding over the case granted in part Plaintiff's motion for summary judgment. Only after that ruling did Defendant assert that the original judge presiding over the case had a familial relationship involving prior employment with Plaintiff. The original judge thereafter recused once the issue was brought to the Court's attention. The issues now before the Court are threefold: (1) whether the recusal complied with Guam's judicial disqualification statute, (2) whether that later recusal requires setting aside the January 25, 2024 summary-judgment ruling under Rule 60(b)(6), and (3) whether Defendant's request for judicial notice was procedurally

proper and warrants sanctions. This Decision and Order addresses each issue in turn and explains why relief is not warranted. Attorney Jacques C. Bronze represents Plaintiff Mariana Stones Corporation. Attorney William L. Gavras represents Fadian Development, Inc.

## BACKGROUND

This action arises from a commercial dispute between Plaintiff Mariana Stones Corporation, Ltd. ("MSC") and Defendant Fadian Development Inc. ("Fadian"). The case was filed in 2019 and preceded through discovery and dispositive motion practice.

Following the close of discovery, MSC moved for summary judgment. On January 25, 2024, the original judge presiding over the case issued a written Decision and Order granting in part summary judgment in MSC's favor. See, Decision & Order (Jan. 25, 2024). At the time the ruling was entered, no party had raised any issue regarding judicial disqualification. See, MSC's Opp'n to Mot. to Set Aside Summ. J. (Mar. 29, 2024).

On March 1, 2024—more than a month after the summary-judgment ruling issued—Fadian filed a Statement of Objection and Motion seeking disqualification. See, Fadian's Statement of Objection & Mot. for Disqualification (Mar. 1, 2024). Fadian asserted that the original judge's brother had a prior employment relationship with MSC and that this relationship created an appearance of impropriety requiring disqualification under 7 GCA § 6105(a). Id.

On March 6, 2024, the original judge recused from further proceedings. See, Order of Recusal (Mar. 6, 2024). The recusal order stated that, prior to the filing of Fadian's March 1, 2024 objection, the Court was unaware that the judge's brother had any involvement with MSC related to the matters before the Court. Id. The case was thereafter reassigned.

Following reassignment, Fadian moved for relief from the January 25, 2024 summary-judgment ruling, arguing that the ruling should be set aside because it was issued before recusal

and allegedly undermines public confidence in the judicial process. Id. MSC opposed the motion, arguing that disqualification was not required at the time the ruling was entered and that relief from judgment is neither automatic nor warranted under the governing legal standards. Id.

While the motion was pending, Fadian filed an ex parte motion requesting that the Court take judicial notice of a March 19, 2015 disqualification order entered in a separate case, *Palmer v. Marianas Stones Corporation, Ltd.* See, Fadian's Ex Parte Mot. for Judicial Notice (Dec. 5, 2025). Fadian contends that the Palmer order bears on whether allowing the January 25, 2024 ruling to stand would undermine public confidence in the judicial process. Id.

MSC opposed the request for judicial notice, arguing that the motion was procedurally improper, untimely, and irrelevant, and that the circumstances underlying the Palmer disqualification are materially different from those presented here. See, MSC's Opp'n to Ex Parte Mot. for Judicial Notice (Jan. 5, 2026).

## DISCUSSION

The Court addresses three issues. First, whether the recusal complied with Guam's judicial disqualification statute. Second, whether relief from the January 25, 2024 summary-judgment ruling is warranted under Guam Rule of Civil Procedure 60(b)(6) and the governing equitable considerations. Third, whether Defendant's request for judicial notice was procedurally proper and whether sanctions are appropriate. Each issue is addressed in turn.

### I. The Recusal Was Proper.

Judicial disqualification in Guam is governed by 7 GCA § 6105. Section 6105(a) provides that any judge shall disqualify himself or herself in any proceeding in which his or her

impartiality might reasonably be questioned, unless, after full disclosure, all parties agree that the judge may continue to sit.

The Supreme Court of Guam has consistently explained that § 6105(a) is designed to avoid even the appearance of impartiality. *People v. Tennessen*, 2010 Guam 12, ¶¶ 33–35. The Court stated that the inquiry is whether a reasonable person, fully informed of the relevant facts, would question the judge's impartiality.

Here, once the relationship identified by Fadian was brought to the Court's attention, the original judge elected to recuse from further proceedings. That decision was fully consistent with the statute's purpose. Section 6105(a) imposes a forward-looking obligation: when an appearance concern arises, the appropriate response is to remove the judge from continued participation. The recusal thus comported with Guam law and ensured that the case proceeded before a tribunal whose impartiality could not reasonably be questioned.

## II.     Setting Aside the Summary Judgment Ruling Is Not Warranted.

Guam Rule of Civil Procedure 60(b)(6) permits a court to relieve a party from a final judgment for "any other reason justifying relief from the operation of the judgment." Although the recusal was proper, it does not follow that the Court must set aside the summary-judgment ruling entered before the recusal occurred. Neither 7 GCA § 6105 nor Guam precedent establishes a rule of automatic invalidation of prior rulings whenever a judge later disqualifies himself or herself.

Federal Rule of Civil Procedure 60(b)(6) can be used to vacate orders by a judge who later disqualifies if the ground for disqualification existed at the time of the order. *Chambers v. Kansas City Kansas Community College*, 2014 WL 326021, at *3 (D. Kan. Jan. 29, 2014). This

remedy is not to be used lightly. Id. In determining whether a judgment should be vacated, the Court must consider the risk of injustice to the parties, the risk that denial of relief will produce injustice in other cases, and the risk of undermining public confidence in the judicial process. Id. This case has been pending since 2019. The parties litigated through discovery and dispositive motions for several years without any suggestion that the original judge's impartiality might reasonably be questioned. The summary-judgment Decision and Order issued on January 25, 2024. It was only after that ruling that Defendant first asserted that the judge's brother would be placed on a witness list.

In other words, the alleged disqualifying circumstance surfaced after the dispositive ruling had already been entered. The record reflects that the judge's brother had previously worked for Plaintiff. The parties dispute the significance of that employment. Plaintiff represents that the brother's role was limited and unrelated to the claims at issue. Defendant contends he could be a witness. But what is undisputed is that this issue was not raised at any point during the years of litigation preceding the January 25, 2024 ruling.

Once the matter was brought to the Court's attention, the original judge recused. That response was proper. But a proper recusal does not retroactively taint rulings issued before any appearance concern was raised. Applying the factors used in *Chambers* confirms that relief is not warranted. Defendant has not shown injustice to the parties. There is no indication the summary-judgment analysis was influenced by the later-identified circumstance. Nor would denial of relief produce injustice in other cases. And public confidence in the judiciary is not undermined where a judge issues a ruling in good faith on a fully briefed motion and then recuses when a new concern is raised.

### III. Defendant's Filing Was Procedurally Proper and Sanctions Are Not Warranted.

Judicial notice is governed by Rule 201 of the Guam Rules of Evidence, which permits a court to take judicial notice at any stage of the proceeding. GRE 201(f).

Here, the procedural posture of the case is significant. The record reflects that Defendant's prior counsel withdrew after the summary-judgment ruling and related disqualification briefing. Attorney William L. Gavras was thereafter substituted as counsel for Defendant. At the time Attorney Gavras entered the case, briefing on the disqualification and vacating summary judgment had already closed and the matter had been reassigned for consideration.

Given that Attorney Gavras did not represent Defendant during the earlier briefing and entered the case at a late procedural stage, the Court finds it reasonable that he raised the request for judicial notice upon reviewing the file and identifying a prior court order he believed relevant. The Court will therefore take judicial notice in resolving the present matters, and sanctions are not warranted.

### CONCLUSION

Accordingly, Defendant's motion to set aside the original judge's summary judgment decision and order is denied and the Defendant's Ex Parte Motion to Take Judicial Notice is granted.

**IT IS SO ORDERED** _____ APR 2 2 2026 _____ .

**HONORABLE ARTHUR R. BARCINAS**
**Judge, Superior Court of Guam**